IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ARTHUR JONES, #M00855,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 23-cv-01993-SMY |
| | ) |
| **DEANNA BROOKHART,** | ) |
| **KEVIN JOHNSON, and** | ) |
| **JEREMIAH BROWN,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Arthur Jones, an inmate in the Illinois Department of Corrections and currently incarcerated at Pontiac Correctional Center, filed this civil rights action under 42 U.S.C. § 1983 for due process violations arising from an allegedly false disciplinary ticket he received at Lawrence Correctional Center. (Doc. 1, pp. 1-33). He seeks declaratory, monetary, and injunctive relief.[1] *Id*. at 11. This matter is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires this Court to dismiss any portion that is legally frivolous or malicious, fails to state a claim for relief, or seeks money damages from an immune defendant. *See* 28 U.S.C. § 1915A(a)-(b).

### The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1, pp. 1-8): During his incarceration at Henry Hill Correctional Center, Plaintiff was violently attacked and stabbed by members of the Latin Kings on October 7, 2021. *Id*. at 5. He was treated in the prison's infirmary

---

[1] Plaintiff asks that his ticket be expunged. (Doc. 1, p. 11).

afterwards. He filed a separate civil rights action to address constitutional claims stemming from the attack. *Id*. at 4 (citing *Jones v. Brannon, et al.*, Case No. 22-cv-04105-SEM-KLM (C.D. Ill. filed June 29, 2022)).

Following his release from Hill's infirmary, Plaintiff transferred to Lawrence Correctional Center where he was placed in restrictive housing on investigative status. *Id*. at 5. The investigation concluded on October 12, 2021, and Plaintiff received a disciplinary ticket for fighting and causing a dangerous disturbance on October 18, 2021. Plaintiff immediately requested access to Hill's camera footage of the fight and the names of all confidential sources mentioned in the incident report. That evening, he submitted this request in writing to the following officials at Lawrence, among others: Lieutenant Puckett (internal affairs), Lieutenant Johnson (adjustment committee member), and Deanna Brookhart (warden). *Id*.

At the prison disciplinary hearing, Plaintiff was denied his right to due process of law when he was not allowed to present camera footage or call the confidential informants as witnesses. He informed members of the adjustment committee, Lieutenant Kevin Johnson and Hearing Officer Jeremiah Brown, that he was innocent. He also claimed that Roy Little (Hill's internal affairs officer) was responsible for the false charges. He requested a continuance of the hearing until he could obtain the camera footage and witness names. In response, Johnson and Brown told Plaintiff that he would receive something in the mail. *Id*. at 6.

Instead of a second hearing, Plaintiff received the adjustment committee's final hearing summary and report in the mail. *Id*. at 22-23. He was found guilty of fighting and causing a dangerous disturbance and punished with 3 months of C-grade and segregation. *Id*. He now challenges the ticket on Fourteenth Amendment due process grounds and asks the Court to expunge it. *Id*. at 11.

**Preliminary Dismissals**

Plaintiff mentions certain individuals in the statement of his claim who are not identified as defendants, including: Lieutenant Puckett and Roy Little. Federal Rule of Civil Procedure 10(a) requires a plaintiff to name all parties in the case caption. *See Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005). Because these individuals are not named as defendants, they are not considered parties, and all claims against them are considered **DISMISSED without prejudice**.

**Discussion**

Based on the allegations, the Court designates the following claim in the Complaint:

Count 1: Fourteenth Amendment claim against Defendants for denying Plaintiff a protected liberty interest without due process of law by punishing him with 3 months of segregation and C-grade on false disciplinary charges for fighting and causing a dangerous disturbance at Hill in October 2021.

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[2]

The Fourteenth Amendment guards against deprivations of constitutionally protected interests in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). When presented with a due process claim arising in the context of a prison disciplinary hearing, the court considers, first, whether there was a protected interest at stake that necessitated due process protections, and, second, whether the disciplinary hearing was conducted in accordance with procedural due process requirements. *Id*.

Plaintiff's allegations address only the second component of this claim. His allegations are insufficient however to implicate a protected liberty interest. Plaintiff's "Final Summary Report," which is included as an exhibit, lists 3 months of segregation and C-grade as the punishment. (Doc.

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

3

1, pp. 22-23). When a plaintiff is punished with a short term of segregation, no inquiry into the specific conditions is necessary. *Thomas v. Ramos,* 130 F.3d 754, 761 (7th Cir. 1997) (70 days); *Lekas v. Briley*, 405 F.3d 602, 612 (7th Cir. 2005) (56 day); *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697 (7th Cir. 2009) (240 days); *Beamon v. Pollard,* 711 F. App'x 794, 795 (7th Cir. 2018) (120 days). Plaintiff's punishment with 90 days of segregation is considered short in this context. For longer terms of segregation, the Court considers whether the plaintiff endured an "atypical and significant hardship." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). But, Plaintiff does not address the conditions he encountered in segregation. He complains about his demotion to C-grade status, but this demotion in his status does not give rise to a protected liberty interest or trigger his right to due process protections. *See Thomas v. Ramos,* 130 F.3d at 762, n.8 (no protected liberty interest implicated in loss of certain privileges and demotion to C-grade). As such, Plaintiff has not described a constitutionally protected interest that triggered his right to due process protections under the Fourteenth Amendment. Accordingly, Count 1 will be dismissed without prejudice for failure to state a claim against the defendants.

## Disposition

Plaintiff's Complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. Plaintiff is **GRANTED** leave to file a First Amended Complaint on or before **January 2, 2024**. The First Amended Complaint is subject to review under 28 U.S.C. § 1915A. Should Plaintiff file a First Amended Complaint, it is strongly recommended that he use the civil rights complaint form designed for use in this District. He should label the form "First Amended Complaint" and list the case number (No. 23-cv-01993-SMY) on the first page. Plaintiff should identify each defendant in the case caption and include enough allegations in the statement of claim to describe what each defendant did or failed to do to

violate his constitutional rights, *see DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (a successful complaint generally alleges "the who, what, when, where, and how. . . ."), and include the relevant facts in chronological order, inserting each defendant's name where necessary to identify the actors and actions. Plaintiff may use "John Doe" or "Jane Doe" to refer to parties whose names are unknown, but he must describe each Doe Defendant and their involvement in the alleged unconstitutional conduct (*e.g.*, John Doe did X and Jane Doe did Y).

Should Plaintiff fail to file a First Amended Complaint within the allotted time or consistent with the instructions in this Order, the entire action will be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). The dismissal will count as a "strike" under 28 U.S.C. § 1915(g).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. FED. R. CIV. P. 41(b). **The Clerk of Court is DIRECTED to mail Plaintiff a blank civil rights complaint form, along with this Order.**

    **IT IS SO ORDERED.**

    DATED:  December 4, 2023        *s/ Staci M. Yandle*
                                                          **STACI M. YANDLE**
                                                          **United States District Judge**